## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| ATLAS COMPUTERS, INC., | ) | (Bankruptcy Case No. 07-11665-M) |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| RYAN FINLEY, BRAD FINLEY, and | ) | |
| PERRY QUALITY SERVICES, INC., | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | **Case No. 12-CV-609-JED-FHM** |
| v. | ) | |
| | ) | |
| STEVEN W. SOULE, TRUSTEE, | ) | |
| DOMINION CORPORATION, | ) | |
| DOMINION COMMUNICATIONS, LLC, | ) | |
| AND NOBLE SOKOLOSKY, | ) | |
| | ) | |
| Appellees. | | |

## OPINION AND ORDER

This appeal arises from a Memorandum Opinion and Judgment of the bankruptcy court (by Chief Bankruptcy Judge Terrence L. Michael), which approved a proposed settlement of a fraudulent transfer action brought by the bankruptcy trustee in a Chapter 7 bankruptcy case. Judge Michael's decision, which is the basis of the appeal, is found at Doc. 4-1 at 545-570. The appeal was referred to Magistrate Judge T. Lane Wilson for advisory proceedings and report and recommendation, in accordance with *Hall v. Vance*, 887 F.2d 1041, 1045-46 (10th Cir. 1989). Judge Wilson thoroughly reviewed the appellate record and issued a Report and Recommendation (Doc. 28), which recommends that this Court affirm Judge Michael's decision approving the settlement of the fraudulent transfer action.

The Court has reviewed the appeal record (including the CDs of trial exhibits which were separately submitted), the parties' appeal briefs, Judge Michael's Memorandum Opinion and

Judgment, Judge Wilson's Report and Recommendation, and the briefing on appellants' Objection to the Report and Recommendation. For the reasons discussed herein, the appellants' Objection is overruled, the Report and Recommendation is accepted and adopted, and the bankruptcy court's Memorandum Opinion and Judgment approving the settlement of the fraudulent transfer action is affirmed.

## I.    Standards of Review

On appeal from a bankruptcy court order, the district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." *Id.* Conclusions of law are subject to de novo review. *See In re Kopexa Realty Venture Co.*, 213 B.R. 1020, 1022 (10th Cir. BAP 1997) (citing *Pierce v. Underwood*, 487 U.S. 552, 558 (1988)).

A bankruptcy court's approval of a settlement "may be disturbed only when it achieves an unjust result amounting to a clear abuse of discretion." *See Reiss v. Hagmann*, 881 F.2d 890, 891-92 (10th Cir. 1989). However, the decision to approve the settlement "must be an informed one based upon an objective evaluation of developed facts." *Id.* at 892. "'[A]n approval of a compromise, absent a sufficient factual foundation, inherently constitutes an abuse of discretion.'" *Id.* (quoting *United States v. AWECO, Inc.*, 725 F.2d 293, 299 (5th Cir. 1984)). In *Reiss*, the Tenth Circuit reversed the bankruptcy court's order approving the settlement because there was "no indication in the record that the trustee or the courts did any legal research or made any attempt to properly separate the issues and evaluate the facts." *Id.* Accordingly, the issue on

this appeal is whether, under the standards set forth in *Reiss*, the bankruptcy court clearly abused its discretion in approving the settlement proposed by the trustee of the bankruptcy estate.

In considering Judge Wilson's Report and Recommendation, the Court must determine de novo any part of the Report and Recommendation that has been properly objected to.  Fed. R. Civ. P. 72(b)(3).

## II.    Discussion

Both Judge Michael's Memorandum Opinion and Judge Wilson's Report and Recommendation contain thorough and reasoned summaries of the issues presented.  The Court finds that the Report and Recommendation accurately recites the record in the case, and this Court adopts the Findings of Fact, following a de novo review of the record.

### A.    *Approval of the Settlement*

In their Objection, the appellants assert that the bankruptcy court did not base the approval of the settlement upon an objective evaluation of developed facts.  (Doc. 34 at 5).  In making that argument, the appellants assert that "it is undisputed that the Bankruptcy Judge failed to comply with the Reiss requirements."  (*Id.*).  That statement is completely inaccurate. In the Memorandum Opinion, Judge Michael cited *Reiss*, set forth the four factors to be considered in determining whether a settlement is fair and equitable and in the best interests of the estate, and  provided a *detailed* analysis of all of those factors in light of the evidence and issues presented by the proposed settlement.  (*See* Doc. 4-1 at 558-569).  In addition, unlike the bankruptcy court in *Reiss*, the bankruptcy court and the trustee thoughtfully considered all aspects of the fraudulent transfer case, potential defenses, costs, and all factors considered important when determining whether to approve a settlement.  (*See*  Doc. 4-1 at 551-569; *see*

*also* Doc. 28 at 5-7 [summarizing the trustee's testimony as to considerations supporting the settlement]).

The Report and Recommendation likewise provides an analysis of the bankruptcy court's decision in light of *Reiss* and the factors set forth in *In re Kopexa Realty Venture Co.*, 213 B.R. at 1022.  (Doc. 28 at 13-15).  Instead of specifying any particular finding or conclusion of the Report and Recommendation which they contend was inaccurate, the appellants suggest that the trustee could not have conducted an objective evaluation of developed facts and arrived at a fair settlement because he did not consider the input of the appellants.  (*See* Doc. 34 at 5: "How could there have been an objective evaluation of developed facts without a meeting with the Finleys?"; *see also* Doc. 15 at 6: "The Finley claimants never had an opportunity to discuss with the Trustee the merits of the proposed settlement.").  In support of that argument, appellants cite the testimony of appellants Brad and Ryan Finley that they wanted to meet and arranged to meet with the trustee, but that they cancelled the meeting after they learned a settlement was reached. (*Id.*).  The appellants' contention (that the trustee refused to meet with them or to consider their input) was *disputed* by the testimony of both the trustee and Ryan Finley, which established that: (1) The trustee provided the appellants' counsel with the debtor's business and financial records which the trustee had received (Doc. 4-1 at 833-834); (2) The trustee *did* have discussions with the Finleys and their counsel, about settlement, before filing the motion to approve the proposed compromise (*id.* at 830-831, 992-995); (3) The trustee *had* asked appellants and/or their counsel for information, but was not provided any information (*see id.* at 831-832, 1012-1013); and (4) The trustee "encouraged" meeting with appellants and never refused to meet with them (*id.* at 1012-1013).   The bankruptcy court apparently made a credibility determination "[a]fter reviewing all of the testimony" on this issue, expressly finding that the appellants "were asked

4

repeatedly by [the trustee], either directly or through counsel, to supply any information or documentary support for their position on [value].   No such information or support was provided." (Doc. 4-1 at 551).   That finding by the bankruptcy court was supported by the record.

"[D]ue regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses," and its findings of fact "shall not be set aside unless clearly erroneous."   Fed. R. Bank. P. 8013.   The Court finds no error in the bankruptcy court's analysis or findings.   In any event, the Finleys were permitted to present their own testimony regarding value during the evidentiary hearing on the motion to approve compromise, and the bankruptcy court provided a thorough summary of that testimony.   (Doc. 4-1 at 554-558).   Thus, appellants' claim that there was no consideration of their views and no objective evaluation by the bankruptcy court is not well-taken.

The appellants also argue that the proposed settlement is not fair and equitable and in the best interest of the estate, but they provide no coherent analysis or argument as to why it is not fair, equitable, or in the best interest of the estate.   (*See* Doc. 34 at 3).   They similarly note the requirement that a proposed settlement be rejected if it achieves an unjust result, but they do little to explain how the settlement is unjust.   (*See id.*).   Their basic underlying complaint appears to be that Atlas Broadband, the business formed by appellee Noble Sokolosky, should have been valued as an ongoing business concern following the bankruptcy filing of the debtor, Atlas Computers, Inc.   Both the bankruptcy court and magistrate judge fully considered that argument and properly rejected it after a thorough analysis, given the remedy available in a fraudulent transfer action under 11 U.S.C. § 550(a), which is recovery of "the property transferred, or, if the court so orders, the value of such property."   (*See* Doc. 28 at 5-15; Doc. 4-1 at 552-557, 561-566).   The appellants have not shown those determinations to be erroneous, nor have they

established that the approval of settlement achieves an unjust result or was an abuse of discretion.

### B.      Evidentiary and Discovery Issues

Appellants complained of three alleged evidentiary errors during the bankruptcy court hearing on the motion to compromise.  The Court has reviewed the record regarding those issues. The Report and Recommendation properly addresses those issues and applies the correct standard of review.  (*See* Doc. 28 at 15-18).   In their Objection to the Report and Recommendation, rather than point to any specific error, the appellants provide a rambling argument about an allegedly leading question and narrative or non-responsive answers.  They assert that they suffered prejudice from the alleged evidentiary errors, but do not explain how they suffered such prejudice.  (*See* Doc. 34 at 7-10).

Appellants base most of this argument on one question directed to Sokolosky at the evidentiary hearing in bankruptcy court.  The full question and answer follows:

> Q.      All right.  And how did you – how did it come about that you ended up loaning money to Atlas Computers?
>
> MR. WILKINSON: Objection. Leading.
>
> THE COURT:  Overruled.
>
> THE WITNESS:  I don't remember what – if there was a specific need or not.  I think at the beginning it was – he had a bunch of debts and he was needing radios and so forth and that's kind of how I started.  I never intended on loaning as much money as I did.  I was just very interested in the concept.  It kind of reminded me of, you know, Roosevelt bringing electric power to the rural areas.  And his little company was not bankable.  There was not a bank anywhere that would loan him. And so kind of like I loaned the lady that – with Beacon Title; she wasn't bankable either.  I loaned him.  Got in it.  He would ask for more money.  I would get it.  And then, you know, I'd get bad news.  We owe a bunch of taxes or somebody didn't pay some withholding or, you know, somebody didn't pay sales tax, and so the figure ended up being a lot bigger than I thought.

(Doc. 4-1 at 663-664).

Rule 611(c) of the Federal Rules of Evidence provides that "[l]eading questions should not be used on direct examination except as necessary to develop the witness's testimony." Fed. R. Evid. 611(c). This Rule "discourages the use of leading questions on direct examination, but it does not forbid them." *Saurini v. Adams County Sch. Dist. No. 12*, 191 F. App'x 628, 639 (10th Cir. 2006). Permitting leading questions is within the trial court's discretion. *Id.* (citing *United States v. Olivo*, 69 F.3d 1057, 1065 (10th Cir. 1995)).

Having reviewed the question at issue, the Court agrees with Judge Wilson that the bankruptcy court did not abuse its discretion in allowing the question. In light of the facts, including the existence of the promissory note between Sokolosky and the debtor, the question itself does not appear to the Court to be so suggestive as to be leading. Even assuming the question is leading, the bankruptcy court did not abuse its discretion in allowing it during the bench trial on the settlement issues. The general purpose behind the rule discouraging leading questions is to avoid a lawyer from suggesting the proper answer to a witness. Here, according to appellants themselves, the witness, Sokolosky, is "an attorney and sophisticated and intelligent businessman with skills in business acumen. . . ." (Doc. 15 at 3). Given that Sokolosky had a promissory note and security agreement and had repeatedly maintained that he loaned approximately $700,000 to the debtor, it seems extremely unlikely that he would have testified that he had some other arrangement with the debtor if his counsel had merely avoided using the word "loan" in the question. In any event, appellants have not provided a coherent explanation of how this one question should result in reversal or rejection of the proposed settlement.

Appellants also complain of an answer which they allege was not responsive to another question posed to Sokolosky on direct examination. The Court has reviewed the question, answer, the objection to the answer, the bankruptcy court's ruling, and Judge Wilson's analysis.

The bankruptcy court did not abuse its discretion in allowing the answer to stand and, while appellants summarily allege that the non-responsive answer was "prejudicial" to them (*see* Doc. 34 at 10), they have provided absolutely no explanation of the manner in which they were prejudiced.

With respect to the appellants' argument that the bankruptcy court erred in denying their motion to compel discovery, the Court has reviewed the record regarding the extensive discovery disputes presented to the bankruptcy court, its hearing and thorough rulings on the discovery issues, and the reasoning in the Report and Recommendation.  The appellants' appeal briefing was scant on the discovery issue, although they explained that "[t]he page limit for this [appeal brief] under LCvR 7.2(c) prevents [appellants] from a detailed discussion of each discovery dispute."  (Doc. 15 at 21-22).[1]  Page limitations do not justify briefing that lacks adequate explanation of alleged errors or prejudice, contains deficient citations to the record, and provides no legal analysis of any kind.  The Court also notes that the text of appellants' opening brief was 21 pages in length, such that appellant had four additional pages to cover any additional discovery issues he wished to address on appeal.  In any event, after reviewing the record on the discovery issues, the Court does not find any abuse of the bankruptcy court's discretion or any error of any kind in its discovery rulings.

 **III.    Conclusion**

For the reasons set forth herein, the appellants' Objection (Doc. 34) is **overruled**, the Report and Recommendation (Doc. 28) is **accepted and adopted**, and the bankruptcy court's Memorandum Opinion and Judgment approving the settlement of the fraudulent transfer action (Doc. 4-1 at 545-570) is **affirmed**.

---

[1]    The record does not reflect any request under LCvR 7.2(c) to exceed the page limits to address any additional issues.

IT IS SO ORDERED this 26th day of March, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE